UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID ERIC ARCHER, JR., <br><br> Plaintiff, <br><br> v. <br><br> JOHN GALIPEAU, <br><br> Defendant. | CAUSE NO. 3:23CV529-PPS/MGG |

OPINION AND ORDER

David Eric Archer, Jr., a prisoner without a lawyer, filed a complaint, alleging he is being served unsafe food at Westville Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Archer claims that Warden John Galipeau and Aramark Food Service Director Jason English violated his Eighth Amendment rights by failing to provide him with safe food. Specifically, he complains that the food is prepared in a separate building and is not stored at the proper temperature during the hours it takes to transport and distribute it to him. According to Archer, the food is not kept at the proper temperature

in violation of "safe serve federal guidelines," and his food has never arrived hot or warm. ECF 1 at 2. He alleges that because of this he contracted food poisoning. When Archer complained about the unsafe practices to Warden Galipeau, the warden replied that he was not responsible for ensuring the food was safe to eat.

Conditions of confinement must be severe to support an Eighth Amendment claim. In order for a prisoner to state a claim under the Eighth Amendment, both an objective and subjective element must be satisfied. First, "the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). The Eighth Amendment protects prisoners only from conditions that "exceed contemporary bounds of decency of a mature, civilized society," *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992), and not every departure from ideally safe conditions constitutes an Eighth Amendment violation. *See French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) ("There is no question that fire and occupational safety are legitimate concerns under the eighth amendment. However, not every deviation from ideally safe conditions constitutes a violation of the constitution. The eighth amendment does not constitutionalize the Indiana Fire Code. Nor does it require complete compliance with the numerous OSHA regulations." (quotation marks and citations omitted)). But a prisoner is entitled to protection from conditions that "pose an unreasonable risk of serious damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993). On the subjective prong, the plaintiff must allege that the prison officials acted with deliberate indifference, that is, they were

2

subjectively aware of an excessive risk to an inmate's health or safety and consciously disregarded it. *Farmer*, 511 U.S. at 839.

Under the Eighth Amendment, inmates are entitled to food adequate to meet their dietary needs, but not to food of their choosing or food "that is tasty or even appetizing." *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004); *see also Isby v. Brown*, 856 F.3d 508, 522 (7th Cir. 2017). But, here, the food goes beyond simply being unappetizing; Archer plausibly alleges that the food is rendered potentially unsafe by being maintained in conditions that allow harmful bacteria to grow before it reaches him. *See Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016) ("Prisons are not required to provide a maximally safe environment, but they must address easily preventable, observed hazards that pose a significant risk of severe harm to inmates." (quotation marks and citations omitted)).

Archer seeks damages and injunctive relief. He has plausibly alleged he may be entitled to injunctive relief based on the alleged ongoing potential for harm from the way the food is currently being transported to him. A claim for injunctive relief requires only that "the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Public Service Com'n of Maryland*, 535 U.S. 635, 645 (2002) (quotation marks and brackets omitted). He may, thus, proceed against John Galipeau, the Warden of Westville Correctional Facility, in his official capacity to receive permanent injunctive relief to receive food that has been maintained at a safe temperature before it is served to him.

However, he does not state a claim for damages against either of the defendants. To hold an individual defendant liable for deliberate indifference, the complaint must allege the defendant was personally involved in the alleged deprivation of a constitutional right. *Whitfield v. Spiller*, 76 F.4th 698, 706 (7th Cir. 2023). The complaint does not provide facts which plausibly allege that either Brian English or John Galipeau were involved in the actual preparation or delivery of the food. Instead, it appears that they are being sued based on their positions as supervisors—Galipeau as the warden of Westville and English as the Aramark supervisor at Westville. A supervisor has personal involvement if "the relevant official caused the constitutional deprivation at issue or acquiesced in some demonstrable way in the alleged constitutional violation." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (quotation marks omitted). "In other words, for a supervisor to be liable for the allegedly wrongful conduct of others, he must both (1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Id.* (quotation marks omitted). Further, the supervisor's facilitating, approving, condoning, or conscious ignoring must be purposeful, knowing, or reckless; a supervisor is not liable for acting negligently. *Id.*

As to Aramark supervisor English, there is no allegation suggesting he is aware that the alleged unsafe food practices are causing harm. At most, the complaint alleges that there is a record kept of the time the meals are prepared and served in the "daily log book," but the complaint does not say who has access to the daily log book, nor is it clear that the log book would contain record of inmates becoming sick due to the food. It appears that English is being sued because he is a supervisor, and that is not enough.

4

*See Gonzalez*, 40 F.4th at 828 ("It cannot simply be assumed that an administrator of a facility like the McHenry County jail, which has 650 beds, had knowledge of the circumstances of every individual in custody."). He cannot be held liable if his employees did their jobs poorly and he failed to detect their malfeasance.

Turning to Warden Galipeau, Archer alleges that he spoke to the warden about "this issue," and the warden acknowledged the problem but stated it wasn't his responsibility "to make sure that [he] received food that is safe to eat." ECF 1 at 3. This allegation is not enough to allow a claim to go forward against Galipeau. It is unclear what Archer communicated to the warden. Based on the allegations in the complaint, there is no indication that the warden was aware that Archer was being harmed from the way the food was being transported so as to suggest that the food handling, while not done in an ideally safe manner, was actually causing harm to an extent that he needed to get involved in the food-service aspect of the prison.

ACCORDINGLY, the court:

(1) GRANTS plaintiff David Eric Archer, Jr., leave to proceed against defendant Warden John Galipeau in his official capacity for injunctive relief to receive food that has been maintained at a safe temperature before it is served to him to the extent required by the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES defendant Jason English;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) John Galipeau at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), John Galipeau to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 6, 2023.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT